Robert H. Panman (SBN 198411)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, California 90017
Telephone 213/623-7400

Attorneys for Defendant,
DIVERSIFIED REAL PROPERTY MANAGEMENT
AND BUSINESS SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA

| | |
|---|---|
| MARIA GONZALEZ, JANNET CAMPOS, J.C., a minor, by and through his GUARDIAN AD LITEM, A.C., a minor, by and through her GUARDIAN AD LITEM, JANNET CAMPOS,<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC., A California Corporation, HOLIDAY HARBOR II HOMEOWNERS ASSOCIATION, A California Corporation, JESUS LOPEZ, JOSE V. LOPEZ, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. SACV09-718PA (RNBx)<br><br>DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL |

COMES NOW Defendant, DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC., A California Corporation, and in answer to Plaintiffs' First Amended Complaint, hereby admits, denies, and alleges as follows:

///

---

1

DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

# I.
# INTRODUCTION

1. In answering the allegations contained in paragraph 1, Defendant admits that plaintiff has pled allegations seeking for monetary, declaratory, and injunctive relief premised upon the theories alleged, but denies the remainder of the allegations including any allegation that Defendants are liable or responsible or that Plaintiffs have pled a cause of action. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to admit or deny the remainder of the allegations of Paragraph 1, and on that basis denies generally the same.

# II.
# JURISDICTION AND VENUE

2. In answering the allegations contained in paragraph 2, Defendant admits that the Court could take jurisdiction of the matter under the code provisions cited but denies that there is a basis for retaining jurisdiction of state law claims provided that there is no basis for maintaining a Federal Action in this case. Defendant asserts that there is no basis for the cause of action and that Plaintiffs can not maintain a cause of action under Federal or State Law and on that basis deny the same. Defendant lacks sufficient information and belief to either admit or deny whether there exists a "common nucleus of operative fact" or whether the state law causes of action "arise out of the same transactions and/or occurrences," and as such denies generally the allegations of Paragraph 2 in this respect. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to admit or deny the allegations of Paragraph 2 and on that basis denies generally said allegations.

3. In response to the allegations of paragraph 3, Defendant admits that venue is proper in this action as pled, but denies that Plaintiffs have a cause of action or state a claim upon which there are both entitled to relief and/or upon which relief can be granted.

///

DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## III.

## PARTIES

4. In answering the allegations contained in paragraph 4, Defendant lacks sufficient information and/or belief to permit either an admission or denial of the allegations made in this paragraph and on that basis such denies generally the allegations in paragraph 4.

5. In answering the allegations contained in paragraph 5, Defendant lacks sufficient information and/or belief to permit either an admission or denial of the allegations made in this paragraph and on that basis denies generally the allegations in paragraph 5.

6. In answer to the allegations of Paragraph 6, Defendant admits that a Management Agreement exists under which Defendant performs specific services for the Association. Defendant admits that the Holiday Harbor II is a complex located at the address alleged in Anaheim, California. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit either an admission or denial of the allegations of Paragraph 6 and on that basis denies generally said allegations.

6a. In answer to the allegations of Paragraph 6a, Defendant admits that HHII is a California Corporation that has specified duties with regard to the property. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 6a and on that basis denies generally said allegations.

7. In answer to the allegations of Paragraph 7, Defendant admits that Defendants Jesus Lopez and Javier V. Lopez are owners at the property. Defendant denies that it 'manages' the property as is alleged. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 7 and on that basis denies generally said allegations.

8. In answer to the allegations of Paragraph 8, Defendant admits that units are rented at the property. Defendant denies that it employs on-site managers to assist in the operation of the property. Defendant admits that Javier P. was at all relevant times an on-site manager. Defendant denies that Javier P. was an employee of Defendant. Defendant denies based upon information and belief that "Mrs. Javier P." was an on-site manager and/or that "Mrs. Javier P." was an employee of any Defendant. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 8 and on that basis denies generally said allegations.

9. In answer to the allegations of Paragraph 9, Defendant admits that Jesus Lopez and Jose V. Lopez are sued herein individually.

10. In answer to the allegations of Paragraph 10, Defendant admits that at all relevant times, Javier P. was the property manager of the Holiday Harbor II Condominiums and was employed by Defendant HHII. Defendant denies that Javier P. was an employee, agent or representative of Defendant Diversified Real Property Management and Business Services, Inc. Defendant denies that Javier P.'s actions in any way establish a basis for liability and that it is legally responsible in any way for the same or that Defendant was Javier P.'s 'principal.' Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to an admission or denial of the allegations of Paragraph 10 and on that basis denies generally said allegations.

11. In answer to the allegations of Paragraph 11, Defendant denies the allegations of Paragraph 11.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## FACTS

12. In answer to the allegations of Paragraph 12, Defendant denies the allegations of Paragraph 12.

13. In answer to the allegations of Paragraph 13, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 13 and on that basis denies generally said allegations.

14. In answer to the allegations of Paragraph 14, Defendant admits that at some point specific property was purchased by Defendants Jesus Lopez and Jose Lopez. Defendant admits that HHII and Defendant Diversified Real Property Management and Business Services, Inc. have a contract by which Defendant performs specific services but denies that Diversified Real Property Management and Business Services, Inc. is employed to 'manage the complex.' Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 14 and on that basis denies generally said allegations.

15. In answer to the allegations of Paragraph 15, Defendant denies the allegations of Paragraph 15.

16. In answer to the allegations of Paragraph 16, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 16 and on that basis denies generally said allegations.

17. In answer to the allegations of Paragraph 17, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 17 and on that basis denies generally said allegations.

18. In answer to the allegations of Paragraph 18, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 18 and on that basis denies generally said allegations.

///

19. In answer to the allegations of Paragraph 19, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 19 and on that basis denies generally said allegations.

20. In answer to the allegations of Paragraph 20, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 20 and on that basis denies generally said allegations.

21. In answer to the allegations of Paragraph 21, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 21 and on that basis denies generally said allegations.

22. In answer to the allegations of Paragraph 22, Defendant denies the allegations of Paragraph 22 as far as they are alleged as to this answering defendant. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 22 and on that basis denies generally said allegations.

23. In answer to the allegations of Paragraph 23, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 23 and on that basis denies generally said allegations.

24. In answer to the allegations of Paragraph 24, Defendant denies that it received a complaint on March 26, 2009 or that it received a complaint about enforcement of house rules. Defendant denies that it received a letter as alleged and/or that a promise or investigation was requested as alleged. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 24 and on that basis denies generally said allegations.

25. In answer to the allegations of Paragraph 25, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 25 and on that basis denies generally said allegations.

///

26. In answer to the allegations of Paragraph 26, Defendant denies the allegation that a letter was delivered to this Defendant. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 26 and on that basis denies generally said allegations.

26a. In answer to the allegations of Paragraph 26a, Defendant denies based upon information and belief that "Ms. Javier P." was a resident manager. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 26a and on that basis denies generally said allegations.

26b. In answer to the allegations of Paragraph 26b, lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 26b and on that basis denies generally said allegations.

26c. In answer to the allegations of Paragraph 26c, Defendant lacks sufficient information and/or belief to permit an admission or denial of the allegations of Paragraph 26c and on that basis denies generally said allegations.

V.

**INJURIES**

27. In answer to the allegations of Paragraph 27, Defendant denies the allegations of Paragraph 27.

28. In answer to the allegations of Paragraph 28, Defendant denies the allegations of Paragraph 28.

29. In answer to the allegations of Paragraph 29, Defendant denies the allegations of Paragraph 29.

30. In answer to the allegations of Paragraph 30, Defendant denies the allegations of Paragraph 30.

/ / /

/ / /

## VI.
## FIRST CLAIM
### (Fair Housing Act)

31. In answer to the allegations of Paragraph 31, Defendant submits that no response is required as the allegations of Paragraph 31 merely purport to re-allege and incorporate by reference allegations of Paragraphs 1 through 30 of the First Amended Complaint, as such and on that basis, Defendant re-incorporates its admissions, denials, and denials based upon lack of sufficient information in response to the allegations of Paragraphs 1 through 30 of the First Amended Complaint as if set forth herein.

32. In answer to the allegations of Paragraph 32, Defendant denies the allegations of Paragraph 32.

## VII.
## SECOND CLAIM
### (California Fair Employment and Housing Act)

33. In answer to the allegations of Paragraph 33, Defendant submits that no response is required as the allegations of Paragraph 33 merely purport to re-allege and incorporate by reference allegations of Paragraphs 1 through 32 of the First Amended Complaint, as such and on that basis, Defendant re-incorporates its admissions, denials, and denials based upon lack of sufficient information in response to the allegations of Paragraphs 1 through 32 of the First Amended Complaint as if set forth herein.

34. In answer to the allegations of Paragraph 34, Defendant denies the allegations of Paragraph 34.

## VIII.
## THIRD CLAIM
### (California Unruh Civil Rights Act)

35. In answer to the allegations of Paragraph 35, Defendant submits that no response is required as the allegations of Paragraph 35 merely purport to re-allege and incorporate by reference allegations of Paragraphs 1 through 34 of the First Amended Complaint, as such and on that basis, Defendant re-incorporates its admissions, denials,

and denials based upon lack of sufficient information in response to the allegations of Paragraphs 1 through 34 of the First Amended Complaint as if set forth herein.

36. In answer to the allegations of Paragraph 36, Defendant denies the allegations of Paragraph 36.

37. In answer to the allegations of Paragraph 37, Defendant denies the allegations of Paragraph 37.

## IX.

## FOURTH CLAIM
### (Negligence)

38. In answer to the allegations of Paragraph 38, Defendant submits that no response is required as the allegations of Paragraph 38 merely purport to re-allege and incorporate by reference allegations of Paragraphs 1 through 37 of the First Amended Complaint, as such and on that basis, Defendant re-incorporates its admissions, denials, and denials based upon lack of sufficient information in response to the allegations of Paragraphs 1 through 37 of the First Amended Complaint as if set forth herein.

39. In answer to the allegations of Paragraph 39, Defendant denies that it violated any duty, denies that it discriminated against anyone, denies it was negligent, denies it was a cause of harm whether by means of alleged actions and/or omissions, and denies that it 'operated' the Holiday Harbor II and on that basis denies any duty as alleged. To the extent the allegations of Paragraph 39, simply incorporate legal contentions as opposed to factual allegations, Defendant is not required to respond to the same. Defendant denies plaintiff has pled a cause of action against Defendant and denies that it was negligent, liable or in any way responsible for the claims as alleged. Defendant denies that it was the proximate cause of damages to Plaintiffs and denies that Plaintiffs are entitled to relief including damages. Except as is expressly admitted or denied, Defendant lacks sufficient information and/or belief to permit an admission or denial to the allegations of Paragraph 39, and on that basis denies generally said allegations.

40. In answer to the allegations of Paragraph 40, Defendant denies the allegations of Paragraph 40.

### FIRST AFFIRMATIVE DEFENSE

41. As a first and separate affirmative defense, this answering Defendant alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

42. As a second and separate affirmative defense, this answering Defendant alleges that Plaintiffs' claims for relief are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

43. As a third and separate affirmative defense, these answering defendants allege that Plaintiffs' damages, if any, were proximately caused by the negligent, reckless, and/or intentional acts of third parties as to whom this answering defendant had neither the right nor the duty or the opportunity to exercise control and who acted without the knowledge, participation, ratification, or approval of this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

44. As a fourth and separate affirmative defense, this answering Defendant alleges that Plaintiff has failed to join all parties needed for just adjudication of the matters raised by her Complaint.

### FIFTH AFFIRMATIVE DEFENSE

45. As a fifth and separate affirmative defense, this answering Defendant alleges that Plaintiffs are equitably estopped from asserting each and every of her purported claims for relief by reason of the acts, omissions and conduct of Plaintiffs and/or their agents upon whom these answering defendants relied, to its prejudice and detriment.

///

DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## SIXTH AFFIRMATIVE DEFENSE

46. As a sixth and separate affirmative defense, this answering Defendant alleges that Plaintiffs and/or their agents acted negligently, recklessly, or intentionally in and about the matters alleged in Plaintiffs' Complaint and, to the extent Plaintiffs seek recovery for the alleged negligent, reckless and/or intentional acts and/or omissions of these answering defendants, recovery should be off-set to the extent of Plaintiffs' own negligent, reckless and/or intentional acts and/or omissions or those of their agents.

## SEVENTH AFFIRMATIVE DEFENSE

47. As a seventh and separate affirmative defense, this answering Defendant alleges that by Plaintiffs' conduct, they have waived any right to recover any relief sought by way of their Complaint or any purported cause of action contained therein.

## EIGHTH AFFIRMATIVE DEFENSE

48. As an eighth and separate affirmative defense, this answering Defendant alleges that Plaintiffs are barred from recovering damages for the harm alleged in her Complaint by reason of her failure to mitigate such alleged damages by whatever means were reasonably possible.

## NINTH AFFIRMATIVE DEFENSE

49. As a ninth and separate affirmative defense, this answering Defendant alleges that Plaintiffs are guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering defendant and that, therefore, their Complaint is barred by laches.

## TENTH AFFIRMATIVE DEFENSE

50. As a tenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs are barred from asserting each and every purported claim for relief in their Complaint by reason of the ratification, consent, and approval of the alleged wrongful acts and/or omissions of this answering defendant by Plaintiffs and/or their agents.

## ELEVENTH AFFIRMATIVE DEFENSE

51. As an eleventh and separate affirmative defense, this answering Defendant alleges that Plaintiffs are estopped from asserting that they were damaged by acts and/or omissions of this answering defendant by virtue of the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

52. As a twelfth and separate affirmative defense, this answering Defendant alleges that Plaintiffs knew of the alleged condition and assumed the normal and reasonable risks rising therefrom.

## THIRTEENTH AFFIRMATIVE DEFENSE

53. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs have failed to request reasonable accommodations and/or that any accommodations or modifications sought are reasonable and/or capable of being made.

## FOURTEENTH AFFIRMATIVE DEFENSE

54. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs had the opportunity to utilize alternative access to facilities of which Plaintiffs alleges they were deprived and failed to do so.

## FIFTEENTH AFFIRMATIVE DEFENSE

55. As a fifteenth and separate affirmative defense, this answering Defendant alleges that any limitation of access to the facilities referenced in her Complaint was attributable to the limitations of the facility and premises in which the subject facilities were located.

## SIXTEENTH AFFIRMATIVE DEFENSE

56. As a sixteenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs are barred from bringing this case by virtue of the doctrine of unclean hands.

///

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

57. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs failed to exhaust administrative remedies prior to instituting suit thereby barring suit.

### EIGHTEENTH AFFIRMATIVE DEFENSE

58. As an eighteenth and separate affirmative defense, this answering Defendant alleges that Plaintiffs lacks capacity or standing to sue on those causes of action brought on behalf of Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

59. As a nineteenth and separate affirmative defense, this answering Defendant alleges that its actions were at all relevant times justified and privileged.

### TWENTIETH AFFIRMATIVE DEFENSE

60. As a twentieth and separate affirmative defense, this answering Defendant alleges that at all times it had reasonable and legitimate bases for its actions including the health, safety, and security of the property and its tenants and guests.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

61. As a twenty-first and separate affirmative defense, this answering Defendant alleges that these answering defendants are informed and believe and thereon allege that the injuries and damages of which the plaintiffs complain were proximately caused by or contributed to by the acts of other parties, persons and/or entities other than these defendants for whom these defendants are not responsible and over whom these defendants had no control and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the plaintiff complained, thus barring plaintiff from any recovery against these answering defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

62. As a twenty-second and separate affirmative defense, this answering Defendant alleges that plaintiffs were careless and negligent in and about the matters

13
DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

alleged in the Complaint, and that said carelessness and negligence on the part of the plaintiff proximately contributed to the happening of the accident and to plaintiffs injuries, loss and/or damage, if any, allegedly sustained. Therefore, any damages awarded to plaintiffs shall be precluded or diminished in proportion to the amount of fault attributed to the plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

63. As a twenty-third and separate affirmative defense to each and every cause of action asserted against them, these answering defendants allege that third parties were careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of said third parties proximately caused or contributed to the happening of the incident and to plaintiffs' injuries, loss and/or damage, if any, allegedly sustained. Therefore, any damages awarded to plaintiffs shall be diminished in proportion to the amount of fault attributed to said third parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. As a twenty-fourth and separate affirmative defense to each and every cause of action asserted against them, this answering defendant alleges that if they are responsible for plaintiff's injuries and medical expenses, this answering defendant are only obligated to the extent that such expenses are reasonable and lawfully incurred. This answering defendant denies that the fees for services which plaintiff seeks reimbursement are either reasonable or lawfully incurred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

65. As a twenty-fifth and separate affirmative defense to each and every cause of action asserted against them, this answering defendant alleges that if found responsible at all (which is denied), these answering defendant are not responsible for the costs and/or expenditures of any medical expenses which are not reasonable or necessary and that said expenses are limited to amounts actually incurred and paid with respect to said services.

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

66. As a twenty-sixth and separate affirmative defense to each and every cause of action asserted against them, this answering defendant alleges that they are entitled to an offset.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

67. As a twenty-seventh and separate affirmative defense to each and every cause of action asserted against them, this answering defendant alleges that plaintiff has failed to allege facts sufficient to warrant an award of punitive or exemplary damages as against this answering defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

68. As a twenty-eighth and separate affirmative defense to each and every cause of action asserted against them, this answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as of yet unstated, affirmative defenses. Accordingly, this answering defendant reserves the right to assert additional affirmative defenses in the event discovery and investigation reveal facts to support additional affirmative defenses.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff;
2. That Plaintiff take nothing by reason of her Complaint herein;
3. That Defendant has judgment for its costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

DATED: September 14, 2009

MURCHISON & CUMMING, LLP

By _____
Robert H. Panman, Esq.
Attorneys for Defendant, DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.

DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant, DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC. hereby demands a Jury Trial in the above matter.

DATED: September 14, 2009

**MURCHISON & CUMMING, LLP**

By _____
Robert H. Panman, Esq.
Attorneys for Defendant, DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.

J:\RHP\29671\PLD\answer.rhp

16
DEFENDANT DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On September 14, 2009, I served true copies of the following document(s) described as **ANSWER OF DEFENDANT HOLIDAY HARBOR II TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED LIST

**BY ELECTRONIC SERVICE VIA PACER** through electronic transmission to all parties appearing on the electronic service list. Upon completion of said transmission of said document, a certified receipt is issued to the filing party acknowledging receipt by Pacer system. Once Pacer has served all designated recipients, proof of electronic service/confirmation will be maintained with the original document in this office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2009, at Los Angeles, California.

*/s/ Chris Thomas*
Chris Thomas

**SERVICE LIST**
**Maria Gonzalez v. Diversified Real Property Management and Business Services, Inc.**

Craig P. Fagan, Esq.                                Plaintiffs
Law Offices of Craig P. Fagan
3505 Camino Del Rio South, Suite 250
San Diego, CA 92108
Telephone: (619) 528-9600
Facsimile: (619) 528-9675
E-Mail: epfagan@faganlegal.com