```
 1  J. FLORES VALDEZ         SBN 177675
    ABUNDIO D. MARAPAO, JR.  SBN 236818
 2  BUNAGAN, MARAPAO & ASSOCIATES, LLP
    3540 Wilshire Boulevard
 3  Suite Penthouse One
    Los Angeles, California 90010
 4
    Tel.  213-381-5740
 5  Fax:  213-381-7280

 6  Attorneys for Defendants
    JOSE V. LOPEZ and JESUS V. LOPEZ
 7

 8
```

# UNITED STATES DISTRICT COURT

## FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GONZALES, JANET CAMPOS, J.C., A Minor, by and through His Guardian Ad Litem, JANET CAMPOS; A.C., A Minor, and through her Guardian Ad Litem, JANNET CAMPOS,<br><br>       Plaintiffs,<br><br>  vs.<br><br>DIVERSIFIED REAL PROPERTY MANAGEMENT AND BUSINESS SERVICES, INC., a California Corporation, HOLIDAY HARBOR II HOMEOWNERS ASSOCIATION, a California Corporation; JESUS V. LOPEZ, JOSE V. LOPEZ and DOES 1 – 10, inclusive,<br><br>       Defendants. | Case No.: SACV 09-718 PA (RNBx)<br><br>ANSWER TO FIRST AMENDED COMPLAINT RE: PROPERTY RIGHTS |

COME NOW, Defendants JESUS V. LOPEZ and JOSE V. LOPEZ, by undersigned counsel as an entity and for and in themselves alone, and by way of ANSWER to Plaintiff's FIRST AMENDED COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF, most respectfully aver:

PREFATORY STATEMENT

Defendants' ANSWER is filed in accordance with the provisions of <u>Rule 8 (b), et seq., of the Federal Rules Of Civil Procedure</u> and that answering Defendant is responding to the complaint subject of this action with responses that are made according to her own information and belief.
Answering defendants responds with denials of the allegations in the complaint as stated directed against the substance of the allegations, and not to mere form. Answering Defendants hereby DENY the allegations in paragraph 1 of the Complaint ( Introduction) for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein. Further, Answering defendants hereby answer the complaint follows:

JURISDICTION AND VENUE

1. Answering Defendants ADMIT the allegations in paragraphs 2 and 3 of the complaint.

2. Answering Defendants specifically DENY the allegations in

paragraph 4 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein;

3. Answering Defendants specifically DENY the allegations in paragraph 5 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein;

4. Answering defendants specifically DENY the allegations in paragraph 6 and 6a of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein;

5. Answering defendants ADMIT the allegations in paragraph 7 of the complaint.

6. Answering defendants ADMIT the allegations in paragraph 8 of the complaint but only insofar as it alleges that answering defendants are engaged in the business of renting their units at the Holiday Harbor II ( "HH II")but DENY the rest of the allegations therein for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

7. Answering defendants specifically DENY the allegations in paragraph 9 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein;

8. Answering defendants specifically DENY the allegations in paragraph 10 of the complaint for lack of knowledge or

information sufficient to form a belief as to the truth of the matter asserted therein.

9. Answering defendants specifically DENY the allegations in paragraph 11 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein.

10. Answering defendants specifically DENY the allegations in paragraph 12 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein.

11. Answering defendants specifically DENY the allegations in paragraph 13 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein.

12. Answering defendants specifically DENY the allegations in paragraph 14 of the complaint for lack of knowledge or information sufficient to forma belief as to the truth of the matter asserted therein.

13. Answering defendants specifically DENY the allegations in paragraph 15 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein.

14. Answering defendants specifically DENY the allegations in paragraph 16 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

15. Answering defendants specifically DENY the allegations in paragraph 17 of the complaint of lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted therein.

16. Answering defendants specifically DENY the allegations in paragraph 18 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

17. Answering defendants specifically DENY the allegations in paragraph 19 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of thee matters asserted therein.

18. Answering defendants specifically DENY the allegations in paragraph 20 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

19. Answering defendants specifically DENY the allegations in paragraph 21 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

20. Answering defendants specifically DENY the allegations in paragraph 22 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

21. Answering defendants specifically DENY the allegations in paragraph 23 of the complaint for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted therein.

22. Answering defendants specifically DENY the allegations in paragraph 24 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

23. Answering defendants specifically DENY the allegations in paragraph 25 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

24. Answering defendants specifically DENY the allegations in paragraphs 26a, 26b, and 26c of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

25. Answering defendants specifically DENY the allegations in paragraph 27 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

26. Answering defendants specifically DENY the allegations in paragraph 28 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

27. Answering defendants specifically DENY the allegations in paragraph 29 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

28. Answering defendants specifically DENY the allegations in paragraph 30 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

29. Answering defendants specifically DENY the allegations in paragraph 31 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

30. Answering defendants specifically DENY the allegations in paragraph 32 of the complaint, and all the sub-paragraphs thereunder ( pars. A, B, C, D and E - Paragraph 32, et seq.,) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

31. Answering defendants specifically DENY the allegations in paragraph 33 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth if the matters asserted therein.

32. Answering defendants specifically DENY the allegations in paragraph 34 of the complaint, and all the sub-paragraph thereunder, ( pars. A, B,C.D,E,F,G and H - par. 33, et seq.) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

33. Answering defendants specifically DENY the allegations in paragraph 35 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

34. Answering defendants specifically DENY the allegations in paragraph 36 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

35. Answering defendants specifically DENY the allegations in paragraph 37 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

36. Answering defendants specifically DENY the allegations in paragraph 38 0f the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

37. Answering defendants specifically DENY the allegations in paragraph 39 of the complaint, and all the sub-paragraphs thereunder, ( Pars. A,B,C, and D - par. 39, et seq.) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

38. Answering defendants specifically DENY the allegations in paragraph 40 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted therein.

38. Answering defendants specifically DENY the allegations in paragraphs 1 through 6 of the complaint's "PRAYER FOR RELIEF" for lack of knowledge or information sufficient to form a belief as to the truth of the matters prayed for therein, and for the reasons stated in answering defendants' answer, as follows:

AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a valid cause of action as against answering defendants in that answering defendants areis barred by the applicable statute of limitations on actions because the acts complained of allegedly occurred outside of the applicable period within which to bring the action;

2. Plaintiff's complaint fails to implead or include a necessary and/or indispensable party in that DIRECT TV, INC. is, may or was actually either partially or fully responsible for whatever damages are claimed by plaintiff as a result of its complaint, having been responsible for the installation and underwriting of the communication subject of the complaint;

3. Plaintiff's complaint is barred by laches;

4. Plaintiff's complaint if barred by estoppel.

WHEREFORE, Answering Defendant prays for judgment as follows:

1. That plaintiff takes NOTHING by its complaint;

2. That the instant complaint be dismissed for lack of merit;

3. For attorneys fees as may be proved;

4. For costs of suit;

Answering Defendant prays for all other relief as the Court may deem appropriate under the premises.

DATED:    October 5, 2009

BUNAGAN, MARAPAO & VALDEZ, LLP

By: *(signature)*

J. Flores Valdez
Abundio D. Marapao, Jr.
Attorneys for Defendant
MPG FOODS, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 years and not a party to the action. My business address is 3540 Wilshire Boulevard Suite PH 1 Los Angeles, California 90010.

On October 6, 2009 I served the foregoing document described as:

<u>Answer to First Amended Complaint Re: Property Rights</u>

on the following interested parties in this action by placing a copy of the document thereof enclosed in a sealed envelope, addressed as follows:

    Maria Gonzales, Janet Campos, J.C. and A.C., both minors, through their counsel, Craig P. Fagan, Esq., 3505 Camino del Rio South, #250, San Diego, Ca 92108

By Mail: I caused such envelope with postage thereon fully prepaid, to be placed in the United States Mail in Los Angeles, CA.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Date: 10/6/2009

                                                San Lachica

| NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER | |
|---|---|
| J. FLORES VALDEZ, ESQ        SBN 177675<br>RODOLFO T. BUNAGAN, ESQ.  SBN 183711<br>BUNAGAN, MARAPAO & ASSOCIATES, LLP<br>3540 Wilshire Blvd., Penthouse One<br>Los Angeles, CA 90010<br>Tel (213) 381- 5740 Fax (213) 381 - 7280 | |
| ATTORNEYS FOR: Respondents | |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA GONZALES, JANET CAMPOS, J.C., a minor, A.C., a minor, by and through His Guardian Ad Litem, JANET CAMPOS, ET. AL<br>Plaintiff(s),<br>v.<br>DIVERSIFIED REAL PROPERTY MANAGEMENT and BUSINESS SERVICES, INC., et. al.<br>Defendant(s) | CASE NUMBER<br><br>SACV 09-718 PA (RNBx)<br><br>CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES<br>(Local Rule 7.1-1) | |

TO:   THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  JOSE LOPEZ AND JESUS LOPEZ
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

**PARTY**                                                                          **CONNECTION**
(List the names of all such parties and identify their connection and interest.)

| PARTY | CONNECTION |
|---|---|
| MARIA GONZALES | Plaintiff |
| JANET CAMPOS | Plaintiff |
| JOSE LOPEZ | Defendant |
| JESUS LOPEZ | Defendant |
| DIVERSIFIED REAL PROPERTY MGT AND BUSINESS SERVICES | Defendant |
| HOLIDAY HOARBOR II HOMEOWNERS CORP | Defendant |

10/06/09
Date

Sign

J. FLORES VALDEZ, ESQ.
Attorney of record for or party appearing in pro per