SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 09-718 PA (RNBx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS

    Before the Court is Motion for Summary Judgment filed by defendants Diversified Real Property Management & Business Services, Inc. and Holiday Harbor II Homeowners Association, Inc. (Docket No. 40). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 4, 2010, is vacated, and the matter taken off calendar.

    Plaintiff Maria Gonzalez is a tenant at the Holiday Harbor II condominium complex in Anaheim, California (the "Complex"). The building at the Complex in which Gonzalez is a tenant is owned by defendants Jesus and Jose Lopez. The Complex is managed by defendants Diversified Real Property Management & Business Services, Inc. and Holiday Harbor II Homeowners Association, Inc. (collectively "Defendants").[1]

    According to the First Amended Complaint, Defendants have discriminated against Gonzalez, her daughter Jannet Campos, and Campos's children, A.C. and J.C. (collectively "Plaintiffs"), during visits Campos and her children have made to Gonzalez's condominium. Campos and her children were also previously tenants at the Complex but moved out in June 2007. None of the claims brought by Campos and her children arise out of her tenancy. Instead, Plaintiffs allege that they received warnings on at least ten occasions from September 2008 through July 2009 when Campos's children were "playing" in the common areas of the Complex, Gonzalez and Campos in violation of the Complex's rules against playing in the common areas. During at least one of these instances, the children were playing soccer on the grass in the common areas.

    Following several oral warnings, Defendants sent Gonzalez a written warning on March 25, 2009 that stated: "We have told your [grandsons] to respect the rules of Holiday Harbor II and [they] have not follow[ed] the rules that have been said. If your [grandsons] don't follow the rules and keep

---

[1]     Jesus and Jose Lopez have appeared in the action but did not join in the Motion for Summary Judgment.

SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 09-718 PA (RNBx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | |

playing the next report is going to be a 60-day notice move out." Gonzalez has been threatened with eviction on at least two subsequent occasions. Plaintiffs then commenced this action on June 19, 2009, and filed a First Amended Complaint on August 5, 2009. The First Amended Complaint alleges that Defendants' attempted enforcement of the Complex's rules against playing in the common areas constitutes unlawful discrimination on the basis of familial status. The First Amended Complaint includes claims for violations of: (1) the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3600-3631; (2) the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955; (3) the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (4) negligence.

In their Motion for Summary Judgment, Defendants contend that Plaintiffs lack standing to pursue their claims under the FHA. Defendants alternatively argue that Plaintiffs have failed to state a prima facie claim of housing discrimination.

The First Amended Complaint states FHA claims pursuant to 42 U.S.C. §§ 3604(a), 3604(b), 3604(c), 3604(f),[2/] and 3617. Section 3604 makes it unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604. Section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

---

[2/] In their Opposition to the Motion for Summary Judgment, Plaintiffs abandon their § 3604(f) claim.

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 09-718 PA (RNBx) | | Date | January 4, 2010 |
|---|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | | |

At first glance, it is hard to see how Campos or her children could have standing to sue for violations of the FHA where they were mere visitors to the Complex and were not themselves discriminated against in the "sale or rental of a dwelling." However, as the Ninth Circuit has noted:

> The Supreme Court has long held that claims brought under the Act are to be judged under a very liberal standing requirement. Unlike actions brought under other provisions of civil rights law, the plaintiff need not allege that he or she was a victim of discrimination. Rather, the sole requirement for standing under the Act is the "[Article] III minima of injury in fact." To meet this requirement, a plaintiff need only allege "that as a result of the defendant's [discriminatory conduct] he has suffered a distinct and palpable injury."

San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 475 (9th Cir. 1998) (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 372, 102 S. Ct. 1114, 1121, 71 L. Ed. 2d 214 (1982) and citing Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 115, 99 S. Ct. 1601, 1615-16, 60 L. Ed. 2d 66 (1979)); see also Moua v. City of Chico, 324 F. Supp. 2d 1132, 1141-42 (E.D. Cal. 2004) ("There is a dearth of case law supporting the notion of FHA standing based on deterrence from visiting a friend's residence. On first reading of the statutory language, it would seem that Vue and Lee would not have standing because they have not been deterred from moving into, forced to move out of, or otherwise harmed in the exercise of their fair housing rights while living at Orchard Court. . . . [However], under San Pedro Hotel, Vue and Lee have standing even though neither lived at Orchard Court. They have alleged an injury-in-fact—the deterrent effect that the municipal defendants' actions allegedly had on their willingness to visit the Mouas at their apartment—causation and redressability.").

Campos has submitted a declaration in which she states that she visited her mother fewer times than she otherwise would as a result of Defendants' actions and that she and her children suffered stress and anxiety as a result of the alleged housing discrimination. (Campos Declaration, ¶ 2.) Although the Court believes that the injuries allegedly suffered by Campos and her children as visitors to the Complex may very well be at the outer bounds of the types of injuries that can be addressed by the FHA, Plaintiffs have provided sufficient evidence of injuries-in-fact related to violations of the FHA to confer them with standing to pursue their § 3604(a), § 3604(b), and § 3617 claims.[3/] As a tenant at the Complex, Gonzalez's standing to assert FHA claims is far more direct. Because the Court must, at this stage of the proceedings, assume the truth of the facts asserted by Plaintiffs, the Court denies Defendants' Motion for Summary Judgment on the grounds that Plaintiffs lack standing.

---

[3/] As will be discussed below, the Court concludes that Plaintiffs lack standing to pursue a claim under § 3604(c).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 09-718 PA (RNBx) | | Date | January 4, 2010 |
|---|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | | |

  Defendants additionally contend that because Plaintiffs' claims arise out of Defendants' enforcement of an age-neutral rule concerning acceptable activities in the Complex's common areas, Plaintiffs cannot state a prima facie claim for housing discrimination. The written policy Plaintiffs are alleged to have repeatedly violated provides:

> There are no playground areas in Holiday Harbor II. The area fenced around the swimming pool is only for use as a swimming pool, and is subject to the rules for that purpose. The grassy lawns and sidewalks within the complex are for pedestrian traffic only. There is to be <u>NO bicycle riding, NO skateboarding, NO roller skating</u> (this includes in-line roller skates) on the sidewalks and grassy areas within the complex. There is to be <u>NO ball playing</u> in these areas. This <u>includes hockey, soccer, tennis,</u> etc.

(Boslow Decl., Ex. A (emphasis in original).) According to Defendants, because this policy applies to the common areas, and there is no evidence that Plaintiffs have been discriminated against in the "rental of a dwelling," they cannot state a claim for housing discrimination under the FHA. This is true only as to the claim under § 3604(a). Gonzalez is still a tenant at the Complex and has therefore not been denied a "dwelling" on the basis of familial status. Campos and her children have not sought to rent, or been denied, a dwelling. As a result, Plaintiffs cannot state a § 3604(a) claim.

  However, because the common areas are "facilities," and Plaintiffs have come forward with facts showing they were denied access to those facilities, the Court concludes that Plaintiffs have alleged a claim under § 3604(b). Specifically, Plaintiffs have submitted declarations stating:

> The rule prohibiting playing in the common area was only enforced against children. On multiple occasions I observed adults having fun in the common areas and they were never told to stop playing in the common areas or to go back in side [sic]. However, whenever children engaged in the same or similar conduct, they were repeatedly told to go back inside.

(<u>See, e.g.</u>, Campos Decl., ¶ 4.) This declaration is sufficient, at least based on this record, to create a genuine issue of disputed fact as to whether the rule against playing in the common areas was disproportionately applied to children and therefore amounts to familial status discrimination. As such, Plaintiffs may proceed with a § 3604(b) challenge to the rule against playing in the common areas on both a disparate impact theory and a disparate treatment theory. See <u>Khalil v. The Farash Corp.</u>, 452 F. Supp. 2d 203, 207-08 (W.D.N.Y. 2006) (outlining the elements of both disparate impact and disparate treatment claims). Based on additional discovery concerning the activities the Campos children were engaged in at the times they were reprimanded, the alleged similarities between those activities and the activities of the adults who were not cited, and any legitimate non-discriminatory reasons Defendants may have had for any differences in treatment, Defendants may or may not eventually be entitled to

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 09-718 PA (RNBx) | | Date | January 4, 2010 |
|---|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | | |

summary judgment on Plaintiffs' § 3604(b) claim.  See Gamble v. City of Escondido, 104 F.3d 300, 304-05 (9th Cir. 1997) (applying the McDonnell Douglas burden shifting framework from Title VII claims to FHA claims).  However, because the current Motion does not address these points, and the parties have not had an opportunity to conduct discovery on these issues, the Court cannot grant Defendants' Motion for Summary Judgment on the § 3604(b) claim at this time.  Because Plaintiffs' § 3604(b) claim survives, their claim pursuant to § 3617 survives as well.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on the § 3604(c) claim relies entirely on a May 8, 2008 letter from the president of the Holiday Harbor II Homeowners Association to the Complex's resident manager.  The letter states:

> Regarding your relationship with the tenants of HHII you are to be cordial and informative.  You may tell them that certain activities are not to be done at HHII by direction of the Board of Directors.  Such activities are (this is not an all inclusive list):
> Children are not to climb trees
> No bike riding, skateboarding, etc. on sidewalks at HHII.
> No soccer, ball playing, or other games on the grass areas of HHII
> No ball throwing against the garage doors
> No climbing on the dumpsters or roofs of any buildings at HHII.
> The common grounds are not a toilet and will not be used as such.
>
> Vehicles are not to be repaired on HHII property.
> No oil changes, nor will used oil be disposed into the dumpsters.
> Vehicle engines are not to be taken apart and put back together on HHII property.
> No painting of vehicle on HHII property.

(Fagan Decl., Ex. 2.)  In their Opposition, Plaintiffs, by selectively quoting from the May 8, 2008 letter, attempt to turn a prohibition against children climbing trees into a more general rule against children.  Indeed, Plaintiffs' counsel repeatedly quotes the letter as follows:

> "Children are not to . . . no bike riding, skateboarding, etc. on sidewalks."
> "No soccer, ball playing, or other games on the grass of HHII."

(See, e.g., Opp'n, p. 2.)  By deleting the reference to tree climbing, Plaintiffs' counsel has deliberately distorted the meaning of the letter in violation of his duty of candor to the Court by making it appear that the prohibitions against bicycle riding, skateboarding, soccer, and ball playing apply only to children.  See Cal. Rules of Prof'l Responsibility R. 5-200(B) ("In presenting a matter to a tribunal, a member . . .

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 09-718 PA (RNBx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | Maria Gonzalez, et al. v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., et al. | | |

[s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law."). [4]

For purposes of § 3604(c), courts employ an "ordinary listener" standard to determine if a statement impermissibly "indicates" a discriminatory preference. See Llanos v. Estate of Anthony Coehlo, 24 F. Supp. 2d 1052, 1057 (E.D. Cal. 1998). Here, under that standard, an ordinary listener would conclude that only the reference to tree climbing indicated any animus against children. The remainder of the prohibited activities are not specifically limited to children, and an ordinary listener would not read the letter as preventing children from engaging in any of the listed activities while allow adults to do so. Because there are no facts that the Campos children were ever reprimanded for climbing the trees in the Complex, and neither Gonzalez nor Campos allege any injury-in-fact from enforcement of the rule prohibiting children from climbing trees at the Complex, the Court concludes that Plaintiffs lack standing to pursue their § 3604(c) claim. Defendants are therefore entitled to summary judgment on this claim.

Defendants also moved for summary judgment on Plaintiffs' supplemental state law claims, or, in the alternative, for the Court to decline to exercise supplemental jurisdiction over those claims if the Court concluded that Defendants were entitled to summary judgment on the federal claim. See 28 U.S.C. 1367(c)(3). To the extent Plaintiffs' FHA claims survive, the Court concludes that Plaintiffs' state law claims also survive.

For all of the foregoing reasons, the Court grants in part, and denies in part, Defendants' Motion for Summary Judgment. Plaintiffs' § 3604(b) and 3617 claims remain viable. Defendants are entitled to summary judgment on Plaintiffs' § 3604(a), § 3604(c), and §3604(f) claims. Plaintiffs' state law claims survive to the extent consistent with the Court's order on the FHA claims.

IT IS SO ORDERED.

---

[4] In addition to Plaintiffs' counsel's lapse in his duty of candor to the Court, Plaintiffs' 34-page Opposition violated Local Rule 11-6's requirement that no memorandum of points and authorities exceed 25 pages. Plaintiffs' counsel compounded this violation by filing an "Errata Memorandum of Points and Authorities" after the Opposition was due and without obtaining leave of the Court. For their part, Defendants' counsel violated the Court's Standing Order by filing a Reply to Plaintiffs' original Opposition and a second Reply to Plaintiffs' Errata that together exceeded the Court's 12-page limitation on Reply briefs. Despite these violations, the Court has considered all of the parties' briefs. Future violations of the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, or the Rules of Professional Responsibility may result in the imposition of sanctions.